## RYAN v. MANHATTAN R. CO.

*(Supreme Court, General Term, Second Department.    June 25, 1888.)*

NEGLIGENCE—DANGEROUS PREMISES—DEFECTIVE PLATFORM AT RAILROAD STATION.

In an action for personal injuries sustained by falling through the open space between the station platform and defendant's car in attempting to get aboard, it appeared that the space was nearly 15 inches in width; that it admitted plaintiff's shoe, about 9 inches long, without touching either toe or heel; that a part of the station platform had been cut off so as to adapt it to new cars; and that the platforms of the old cars were extended by means of iron plates about 3 inches in width, which would occasionally come off, and the cars would be used in that condition; that the usual space between the station platform and the car was about 5 inches; that plaintiff was without fault, a crowd of passengers being around her at the time, so that she could not see below; and that similar accidents had occurred before at the same platform.    *Held*, that a judgment for plaintiff will be affirmed.[1]

Appeal from circuit court.

Action for personal injuries by Mary E. Ryan against the Manhattan Railroad Company.    Judgment for plaintiff, and defendant appeals.

Argued before BARNARD, P. J., and PRATT, J.

BARNARD, P. J.    The general rule of duty imposed upon the defendant as a carrier of passengers was to furnish a safe place and means for the passengers to get on and off the cars.    The plaintiff avers that the space between the platform of the car and the station platform was too great, being some 15 inches, and that, in consequence thereof, she fell through the open space, and was injured.    The proof is apparently very conflicting.    The plaintiff and one

---

[1] Respecting dangerous premises, and the liability for injuries sustained thereon, see Railway Co. v. Barnhart, (Ind.) 16 N. E. Rep. 121, and note.    As to the duty of railway companies, as carriers of passengers, to furnish safe and proper means of ingress and egress to and from trains, platforms, station approaches, etc., see Moses v. Railroad Co., (La.) 2 South. Rep. 567; Railway Co. v. Fairbairn, (Ark.) 4 S. W. Rep. 50, and note; Railroad Co. v. Fox, (Tex.) 6 S. W. Rep. 569; Fordyce v. Merrill, (Ark.) 5 S. W. Rep. 329; Lafflin v. Railroad Co., (N. Y.) 12 N. E. Rep. 599, and note; Cross v. Railway Co., (Mich.) 37 N. W. Rep. 361; Railroad Co. v. Arnold, (Ala.) 4 South. Rep. 359.

Ahmuty both testify to a space of about 15 inches; and, on the other hand, three engineers made measurements in over 50 instances, and the space was not in any case over 7¾ inches. The plaintiff testifies that her foot went through without touching either toe or heel, and that the shoe was over 9 inches long. There had been previous accidents from the same cause at the same place. The evidence shows that the station is constructed on a curve, so that the middle of the car is nearer the platform than either end; that the platform was originally constructed for a smaller car; and, when a large style was subsequently put on, the platform of the station was cut away to permit their use, and the platform of the old cars was supplemented by a flat piece of iron, of some three inches in width, fastened on the top of the platform. The measurements on the part of defendant did not take in all the defendant's cars. It was proven that occasionally the plate got off the old cars, and that the car was used while in this condition. The plaintiff was accustomed to travel in the cars, and get on and off at this station, and knew the usual space between platform and car was about five inches. Upon all this evidence, it is such a question of fact that the plaintiff was entitled to go to the jury, and the case is not within the principle decided in *Lafflin* v. *Railroad Co.*, 106 N. Y. 136, 12 N. E. Rep. 599. If the proof upon the part of the plaintiff is to be credited, there must have been unusual space, on this particular occasion, between platform and car. The plaintiff was injured in consequence. She is proven to have been without fault. She could not see below. A crowd surrounded her, of passengers getting in the car. The step was short, and, relying on the usual space, she fell through. The judgment should therefore be affirmed, with costs.

PRATT, J., concurs.